IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>SERVICE ONE, LLC<br><br>　　　　　　　　　　DEBTOR<br><br>MARK A. WEISBART, SubV CHAPTER 11 TRUSTEE OF SERVICE ONE, LLC<br><br>　　　　　　　　　　PLAINTIFF<br><br>V.<br><br>TRASH CHOMPER, LLC<br><br>　　　　　　　　　　DEFENDANT | CASE NO. 22-40503<br>CHAPTER 11<br>(Subchapter V)<br><br><br><br><br><br>ADVERSARY NO. |

## COMPLAINT

Mark A. Weisbart, the SubV chapter 11 trustee for Service One, LLC ("Trustee" or "Plaintiff") files this Complaint (the "Complaint"). In support of the claims asserted and relief sought herein, Plaintiff alleges as follows:

### I. PARTIES

1. Plaintiff is the duly appointed and acting SubV chapter 11 trustee for the bankruptcy estate of Service One, LLC and in such capacity has standing to bring the claims asserted herein.

2. Defendant Trash Chomper, LLC ("TCLLC") is a Texas limited liability company having its registered place of business at 5830 Granite Pkwy., Ste. 100, Plano Texas 75024. Service of process may be effectuated by serving a copy of the Complaint and the summons, United States mail, postage prepaid, on (i) its registered agent and manager Charles Tomasello at 5830 Granite Pkwy., Ste. 100, Plano Texas 75024, and (ii) Sandra Perry, a manager, at 12 Cowboys Way #1512 Frisco, TX 75034.

## II. Jurisdiction and Venue

3. On April 21, 2022 (the "Petition Date"), a voluntary petition under chapter 11 of the Bankruptcy Code (the "Bankruptcy Code") was filed on behalf of Service One, LLC (the "Debtor") commencing the above-referenced bankruptcy case (the "Bankruptcy Case").[1] Per its designation on its Petition, the Debtor is proceeding under Subchapter V of chapter 11 in accordance with section 1182 of the Bankruptcy Code (the "SubV Designation").

4. Thereafter, Mark A. Weisbart was appointed the Subchapter V Trustee for this case pursuant to section 1183 of the Bankruptcy Code.

5. Due to disputes between the Debtor's two members, Sandra Perry and Charles Tomasello, each of whom own a 50% membership interest in the Debtor, on April 25, 2022, the Debtor filed its *Motion to Remove the Debtor from Possession and Authorize Subchapter V Trustee to Operate the Business of the Debtor* (the "Removal Motion") seeking to be removed as the debtor in possession pursuant to section 1185 of the Bankruptcy Code and requesting that the Trustee be authorized to manage and operate the Debtor's business pursuant to section 1183(b)(5).

6. By Order entered on April 29, 2022, the Court granted the Removal Motion and vested the Trustee with authority to operate the Debtor's business and manage its assets in accordance with 11 U.S.C. § 1183(b)(5).

7. On May 18, 2022, Schedules A/B, D, E/F, G and H [Doc 77] (the "Schedules) and a Statement of Financial Affairs [Doc 78] ("SOFA") were filed on behalf of the Debtor.[2]

8. This Court has jurisdiction to hear this adversary proceeding pursuant to 28 U.S.C.

---

[1] The voluntary petition included a copy of the Debtor's "U.S. Income Tax Return for an S Corporation for 2020," Form 1120-S (the "2020 Return").

[2] The Declarations filed with the Schedules and SOFA were signed by Perry as the Debtor's managing member.

§§ 157 and 1334, and the Order of Reference for the United States District Court for the Eastern District of Texas.

9. This adversary proceeding is commenced pursuant to Rule 7001(1), (2) and (9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 11 U.S.C. §§ 362, 541 and 542. Declaratory relief is appropriate pursuant to Bankruptcy Rule 7001(9) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2.

10. This is a core proceeding under 28 U.S.C. §§157(b)(2)(A), (B), (C), (E), (K) and (O).

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### III. Factual and Procedural Background

12. The Debtor was formed in October 2018. Upon information and belief, Perry was its original sole member and Charles A. Tomasello ("Tomasello") its manager. Through an Amended and Restated Company Agreement of Service One, LLC dated April 1, 2019, Tomasello was named an equal member and Perry was appointed co-manager.

13. The Debtor's principal business has been the remodeling and renovation of single-family homes for clients operating in the "single family rental space."

14. The Debtor's bankruptcy filing was precipitated by a fallout between Perry and Tomasello which culminated in a state court lawsuit and the freezing of the Debtor's bank account by PlainsCapital Bank.

15. In addition to their association in the Debtor, Perry and Tomasello hold interests in and jointly manage other businesses, including Defendant TCLLC which was formed in August 2020. Upon information and belief, after its formation Peter Nicklas ("Nicklas") was subsequently added as a member in and manager of TCLLC. TCLLC operates a trash bin rental and waste removal business primarily focused in the residential construction sector.

16. Upon information and belief, upon and since its formation in August 2020 TCLLC relied on the financial support of the Debtor to open and sustain its business. From August 2020 through mid-April 2022 the Debtor paid or advanced funds for many of TCLLC's operational expenses, including, without limitation, salaries, insurance, software, hired services and telephone, internet and communications charges (the "TCLLC Expenses"). Also, during this period the Debtor periodically transferred funds into TCLLC's bank account (the "Account Transfers") and certain TCLLC debts and expenses were paid by preauthorized debits from the Debtor's bank account (the "Debits," and collectively with the TCLLC Expenses and Account Transfers, hereinafter referred to as the "Service One Expenditures"). Further, for most of this period, if not all, TCLLC's business operated from the Debtor's principal office.

17. As TCLLC initially lacked sufficient and adequate funds and capital to acquire equipment to commence its operations, in August and November 2020 the Debtor purchased various trash bins, *i.e*, dumpsters, and haulers (the "Dumpsters and Haulers") from Nationwide Trailers FTW. The Debtor, in turn, leased the Dumpsters and Haulers to TCLLC for use in its business operations. These lease arrangements were documented and are evidenced by two equipment leases (the "Leases"); the first being an Equipment Lease Agreement dated August 12, 2020 (the "August Lease"),[3] under which the Debtor, as lessor, leased to TCLLC, as lessee, three (3) 14-yard dumpsters and one (1) goose neck hauler (the "August Equipment") for the period September 1, 2002, through July 1, 2022, and the second being an Equipment Lease Agreement dated November 1, 2020 (the "November Lease"),[4] under which the Debtor, as lessor, leased to TCLLC, as lessee, six (6) 14-yard dumpsters and One (1) goose neck hauler (the "November

---

[3] A true and correct copy of the August Lease is attached hereto as **Exhibit "1,"** and is incorporated herein.

[4] A true and correct copy of the November Lease is attached hereto as **Exhibit "2,"** and is incorporated herein.

Equipment") for the period October 1, 2002, through October 21, 2024.[5] The August Equipment and November Equipment together hereinafter referred to as the "Equipment."

18.　　In exchange for the rental and use of the August Equipment and November Equipment TCLLC agreed under the Leases, *inter alia*, to pay the Debtor, respectively, monthly rental amounts of $1,082.69 (the "August Lease Rent") and $934.04 (the "November Lease Rent, and with the August Lease Rent hereinafter, the "Rent"). Under the Leases TCLLC also agreed to (i) surrender and deliver to the Debtor the August Equipment upon expiration of the Leases' respective terms,[6] and (ii) maintain insurance on the Equipment with Debtor as the loss payee.[7] Further, the Leases expressly provided that "[t]he Equipment is and shall remain the exclusive property of [the Debtor]."[8]

19.　　Other than the difference in the monthly rental fee and the term periods the Leases contains the same substantive terms and provisions.

20.　　TCLLC is in default under the Leases, having failed to (1) pay the Debtor Rent due under both Leases since August 2021, (2) continually maintain insurance on the Equipment, and (3) surrender and deliver the August Equipment to the Trustee since the expiration of the August Lease.

---

[5] Both the August Lease and the November Lease were executed by Perry on behalf of the Debtor and Tomasello on behalf of TCLLC.

[6] *See* Exhibits 1 and 2, ¶ 8 ("**POSSESSION AND SURRENDER OF EQUIPMENT:** [ ] At the expiration of the Lease Term, Lessee shall surrender the Equipment to Lessor by delivering the Equipment to Lessor or Lessor's agent in good condition and working order, ordinary wear and tear excepted, as it was at the commencement of the Agreement.

[7] *See* Exhibits 1 and 2, ¶ 12 ("**INSURANCE:** Lessee shall be responsible to maintain on the Equipment with losses payable to Lessor against fire, theft, collision, and other risks as are appropriate and specified by Lessor.")

[8] *See* Exhibits 1 and 2, ¶ 15 ("**OWNERSHIP:** The Equipment is and shall remain the exclusive property of Lessor.")

21. The Debtor failed to list the Equipment on its Schedule A/B. Nevertheless, the Equipment constitutes property of the Debtor's estate pursuant to 541(a) of the Bankruptcy Code. The Debtor purchased the Equipment and TCLLC agreed pursuant to the Leases that the Equipment was and would remain the property of the Debtor.[9]

22. On or about June 13, 2022, the Trustee received information that the Debtor owned the Equipment. As the Equipment was not scheduled, the Trustee made a request on June 14, 2022, to Debtor's counsel for an explanation concerning the Debtor's interest in and ownership of the Equipment and provided him copies of the Leases for his review.

23. In response, the Trustee received late on June 14, 2022, an email from Perry claiming that the Equipment was owned by TCLLC and the subject of her liens.[10] No other information or documents supporting Perry's assertions, however, were provided.

24. Despite subsequent requests to Perry's counsel, as of the filing of this Complaint, neither Perry or her counsel has provided the Trustee any document or information substantiating her claim that the Equipment is owned by TCLLC or that they are subject to liens for her benefit.

25. On July 26, 2022, Trustee's counsel delivered to Perry, Tomasello, Nicklas, along with Perry's and Tomasello's counsel, a demand letter (the "Demand Letter") demanding TCLLC's return of the August Leased Equipment and declaring a default under both Leases for TCLLC's failure to pay Rent and to maintain the requisite insurance on the Equipment (the "Lease Defaults").[11] As the Leases required, the Trustee afforded TCLLC seven (7) days from the date of Demand Letter for TCLLC to surrender the August Leased Equipment and to cure the identified Lease Defaults.

---

[9] In addition, the Equipment is identified as assets of the Debtor on schedules to the 2020 Return.

[10] Schedule D of the Schedules does not reflect Perry as a secured creditor of the Debtor.

[11] A true and correct copy of the Demand Letter is attached hereto as **Exhibit "3,"** and incorporated herein.

26. On August 2, 2022, the Trustee received a response to the Demand Letter from Tomasello's counsel stating that (i) TCLLC and Tomasello do not oppose the Trustee's demand for return of the Equipment, (ii) Tomasello is aware that customers of TCLLC have continued to pay TCLLC for services but due to his lack of access to TCLLC's frozen bank accounts he does not have ability to cure the identified "Payment Defaults," and (iii) that insurance for the Equipment had been cancelled and that despite Tomasello's request for proof of new insurance, Niklas had refused to provide him any such proof.[12]

27. As of the filing of this Complaint there has been no response from Perry, her counsel or Nicklas to the Demand Letter.

28. On June 16, 2022, a proof of claim was filed on behalf of TCLLC in the Bankruptcy Case asserting a general unsecured claim in the amount of $80,517.30 (the "TCLLC Claim") based on certain outstanding pre-petition invoices.

29. The Debtor has continued to maintain its accounting records. These records evidence that as of the Petition Date, on a reconciled basis, TCLLC owed the Debtor repayment for Service One Expenditures in the aggregate amount of $76,591.99 (the "Expenditure Amount").

30. TCLLS ceased making payments on the Leases in August 2021 which were applied to amounts due under the Leases through June 2021. TCLLC owes the Debtor the unpaid lease payments on the August Lease totaling $15,146.95[13] and on the November Lease, through August 1, 2022, totaling $13,090.56[14] (together, the "Unpaid Lease Payments").

31. Any and all conditions precedent to the filing of this Complaint by Trustee have

---

[12] A true and correct copy of Tomasello's response is attached hereto as **Exhibit "4,"** and incorporated herein.

[13] Of this amount, $10,826.90 represents past due for pre-petition rent.

[14] Of this amount, $8,515.36 represents past due pre-petition rent.

been satisfied, performed, excused and/or waived.

## IV. CAUSES OF ACTION

### COUNT ONE – DECLARATORY RELIEF – PROPERTY OF THE ESTATE

32. Plaintiff re-incorporates the allegations contained in Paragraphs 1 through 31 of this Complaint as though set forth in full herein.

33. An actual legal and substantial controversy exists between the parties regarding the parties' respective rights, title and interest in and to the Equipment. This controversy is of sufficient immediacy to warrant judicial relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2.

34. The Equipment constituted property of the Debtor as of the Petition Date. Consequently, the Equipment constitutes property of the Debtor's bankruptcy estate pursuant to Section 541(a) of the Bankruptcy Code.

35. The bankruptcy estate's rights in and to the Equipment has been and, on information and belief, continues to be disputed by at least one manager of TCLLC.

36. Accordingly, Plaintiff is entitled to a declaratory judgment that the Equipment constitutes property of the Debtor's bankruptcy estate.

### COUNT TWO – DECLARATORY RELIEF – PROPERTY OF THE ESTATE

37. Plaintiff re-incorporates the allegations contained in Paragraphs 1 through 36 of this Complaint as though set forth in full herein.

38. An actual legal and substantial controversy exists between the parties regarding the parties' respective rights, title and interest in and to the Equipment. This controversy is of sufficient immediacy to warrant judicial relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2.

39. The Equipment constituted property of the Debtor as of the Petition Date. Consequently, the Equipment constitutes property of the Debtor's bankruptcy estate pursuant to Section 541(a) of the Bankruptcy Code.

40. The August Lease has expired. Pursuant to the August Lease, upon its expiration, TCLLC is obligated to delivery and surrender the August Leased Equipment to the Debtor. TCLLC is in default of this obligation.

41. Further, TCLLC is in default of both Leases due to the existence of the Lease Defaults and its failure to cure same.

42. Accordingly, Plaintiff is entitled to a declaratory judgment that (i) TCLLC is in default of both Leases, (ii) the Leases are terminated, and (iii) TCLLC has no right or interest in the Equipment.

### COUNT THREE - TURNOVER UNDER 11 U.S.C. § 542

43. Plaintiff re-incorporates the allegations contained in Paragraphs 1 through 42 of this Complaint as though set forth in full herein.

44. The Equipment constituted property of the Debtor as of the Petition Date.

45. The Equipment constitutes property of the Debtor's bankruptcy estate pursuant to Section 541(a) of the Bankruptcy Code.

46. As such, pursuant to Section 363(b) of the Bankruptcy Code the Equipment represents property of the Debtor's bankruptcy estate Plaintiff may use.

47. The Equipment is in the possession and control of TCLLC.

48. Despite default under the August Lease and demand by Plaintiff to TCLLC's managers, TCLLC has continued to withhold the August Leased Equipment from Plaintiff and refuses to deliver and surrender same to Plaintiff.

49. Further, based on the Leased Defaults TCLLC is in default of both Leases and both Leases have terminated. Thus, TCLLC has no right or interest in or to the Equipment.

50. Pursuant to Section 542(a) of the Bankruptcy Code, TCLLC is required to turn over the Equipment to the Trustee, and account for the Equipment.

51. Plaintiff is entitled to an order compelling TCLLC and its managers to turn over the Equipment to Plaintiff and to provide Plaintiff an accounting of such property until such turnover.

### COUNT FOUR – OBJECTION TO CLAIM AND RIGHT TO SETOFF/OFFSET

52. Plaintiff re-incorporates the allegations contained in Paragraphs 1 through 51 of this Complaint as though set forth in full herein.

53. As of the Petition Date TCLLC owed the Debtor the Service One Expenditures and the Debtor owed TCLLC the TCLLC Claim.

54. Plaintiff is entitled to an order authorizing the setoff/offset the Service One Expenditures against the TCLLC Claim

55. Consequently, Plaintiff objects to the TCLLC Claim and requests an order disallowing same to the extent of the amount of the Service One Expenditures.

### COUNT FOUR – BREACH OF CONTRACT

56. Plaintiff re-incorporates the allegations contained in Paragraphs 1 through 55 of this Complaint as though set forth in full herein.

57. The Leases are valid contracts between the Debtor and TCLLC. By failing to pay the Rents due under the Leases and maintaining necessary insurance on the Equipment TCLLC has breached the Leases. TCLLC has further breached the August Lease for refusing and failing to return and surrender the August Leased Equipment following expiration of the August Lease.

58. TCLLC is therefore liable to Plaintiff for breach of the Leases.

59. As a direct and proximate cause of TCLLC's breach of the Leases, the Debtor has suffered actual damages, in an amount to be established at trial.

60. In addition, the Debtor is entitled to recover from TCLLC the reasonable and necessary attorneys' fees and other expenses the bankruptcy estate has incurred in bringing this

action.

61. Accordingly, Plaintiff is entitled to judgment of an award of damages against TCLLC for the aforesaid amounts.

### COUNT FIVE – UNJUST ENRICHMENT

62. Plaintiff re-incorporates the allegations contained in Paragraphs 1 through 61 of this Complaint as though set forth in full herein.

63. The August Lease expired on July 1, 2022. Yet, TCLLC has not returned or surrendered the August Leased Equipment to Plaintiff as required under the terms of the August Lease. Moreover, based on the Lease Defaults the November Lease has terminated.

64. Upon information and belief, TCLLC continues to use the Equipment in its business operations.

65. In continuing to use the Equipment, TCLLC is obtaining significant value and benefit by generating additional revenue and income for its business.

66. In doing so, TCLLC is receiving, accepting these benefits to the substantial detriment of the Debtor's bankruptcy estate by depriving the estate of either the payment of rents by TCLLC under a renegotiated lease arrangement or from other third parties to whom the estate can lease such equipment. Moreover, TCLLC's continued use and withholding of the equipment prevents Plaintiff from selling the equipment for the estate's benefit.

67. Consequently, Plaintiff is entitled to entitled to judgment against TCLLC for the reasonable value of the use of the Equipment through the day such equipment is delivered and surrendered to Plaintiff.

### COUNT SIX – VIOLATION OF THE AUTOMATIC STAY

68. Plaintiff re-incorporates the allegations contained in Paragraphs 1 through 67 of this Complaint as though set forth in full herein.

69. The August Leased Property constitutes property of the Debtor's bankruptcy estate.

70. The August Lease expired by its terms on July 1, 2022. Moreover, based on the Lease Defaults, both Leases have terminated. Thus, any rights and interests TCLLC held in or to the August Leased Equipment ceased.

71. Despite demand, TCLLC has (i) refused to deliver and surrender the Equipment to Plaintiff, and (ii) has continued to use the Equipment in the operation of its business to the detriment of the Debtor's bankruptcy estate.

72. In doing so, TCLLC has exercised control over the Equipment to the exclusion of the Debtor's bankruptcy estate.

73. Through this exercise of control over the Equipment, TCLLC has willfully and intentionally violated the automatic stay of Section 362(a)(3) of the Bankruptcy Code.

74. Accordingly, due to this willful and intentional violation of the automatic stay Plaintiff is entitled to an award of sanctions against TCLLC pursuant to Section 105(a) of the Bankruptcy Code in an amount to be determined at trial.

### COUNT SEVEN – CONVERSION

75. Plaintiff reincorporates the allegations contained in Paragraphs 1 through 74 of this Complaint as though set forth in full herein.

76. At all relevant times the Debtor owned the Equipment. As of the Petition Date the Equipment became property of the Debtor's bankruptcy estate.

77. The August Lease expired by its terms on July 1, 2022. Moreover, based on the Lease Defaults, both Leases have terminated. Thus, any rights and interests TCLLC held in or to the Equipment ceased.

78. TCLLC has failed to deliver and surrender the Equipment despite its obligation to do so. TCLLC has unlawfully and without authorization has assumed and are exercising control

over the Equipment to the exclusion of, or inconsistent with, Plaintiff's rights as the bankruptcy trustee for the Debtor.

79. Plaintiff has demanded TCLLC's return of the Equipment. Despite this demand, TCLLC has (i) refused to deliver and surrender the Equipment to Plaintiff, and (ii) has continued to use the Equipment in the operation of its business to the detriment of the Debtor's bankruptcy estate.

80. The actions of TCLLC constitute conversion under Texas law.

81. Accordingly, Plaintiff, as trustee for the Debtor's bankruptcy estate, is entitled to a judgment for damages in an amount determined at trial against TCLLC.

## V. PRAYER

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. Judgment declaring that the Equipment constitutes property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(a).

2. Judgment that (i) TCLLC is in default of both Leases, (ii) the Leases are terminated, and (iii) TCLLC has no right or interest in the Equipment.

3. Judgment ordering TCLLC to turn over the Equipment to Plaintiff pursuant to 11 U.S.C. § 542(a) and to provide Plaintiff an accounting of the Equipment through the date of turnover.

4. Judgment in favor of the Debtor's bankruptcy estate awarding damages against TCLLC for breach of the Leases.

5. Judgment in favor of the Debtor's bankruptcy estate awarding damages against TCLLC based on unjust enrichment.

6. Judgment in favor of the Debtor's bankruptcy estate awarding damages against TCLLC for willful and intentional violation of the automatic stay.

7.      Judgment in favor of the Debtor's bankruptcy estate awarding damages against TCLLC for conversion of the Equipment.

8.      Such other and further relief the Court deems just and appropriate under the circumstances.

Respectfully Submitted,

/s/ James S. Brouner
Mark A. Weisbart
Texas Bar No. 21102650
James S. Brouner
Texas Bar No. 03087285
HAYWARD PLLC
10501 N Central Expy, Suite 106
Dallas, TX 75231
(972) 755-7103 Phone/Fax
MWeisbart@HaywardFirm.com
JBrouner@HaywardFirm.com

COUNSEL FOR SUBV CHAPTER 11 TRUSTEE OF SERVICE ONE, LLC, PLAINTIFF