# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>SERVICE ONE, LLC<br><br>         Debtor | CASE NO. 22-40503<br>CHAPTER 11<br>(Subchapter V) |
| MARK A. WEISBART, SUBV CHAPTER 11 TRUSTEE OF SERVICE ONE, LLC<br><br>         PLAINTIFF<br>V.<br><br>TRASH CHOMPER, LLC<br><br>         DEFENDANT | ADVERSARY NO. 22-04045 |

## TEMPORARY RESTRAINING ORDER[1]

This matter came on before me, the undersigned on this ____ day of August 2022, on the *Motion for Temporary Restraining Order and Preliminary Injunction* (the "Motion"), filed by Plaintiff, the SubV Chapter 11 trustee for Service One, LLC ("Plaintiff"), for the issuance of a temporary restraining, pursuant to 11 U.S.C. § 105 and FED.R.BANKR.P. 7065, enjoining Trash Chomper, LLC (hereinafter, "TCLLC") and its managers, members, officers, agents and representatives, including, without limitation, Sandra Perry ("Perry"), Peter Niklas ("Niklas") and Charles Tomasello ("Tomasello") (collectively, hereinafter referred to as the "TCLLC Agents") (i) from using, operating, utilizing, selling, transporting, transferring, altering or destroying the Equipment, (ii) requiring TCLLC and TCLLC Agents to store and secure such property, and (iii) allowing Plaintiff and his representatives access to the Equipment for inspection and compliance

---

[1] Unless otherwise defined herein, capitalized terms herein, shall have the meanings ascribed to them in the Motion.

with the injunctive measures imposed by the Court, until the Court's consideration of Plaintiff's request for entry of a preliminary injunction. This Court having considered the Plaintiff's Complaint, the Motion and its supporting declaration, and the arguments of counsel, finds as follows:

1. This Court has jurisdiction over the subject matter of this action and over all parties hereto pursuant to 28 U.S.C. §§ 157 and 1334, and the Order of Reference for the United States District Court for the Eastern District of Texas.

2. This motion is brought pursuant to Section 105 of the Bankruptcy Code and Rule 7065 of the Federal Rules of Bankruptcy Procedure. The claims asserted in this action constitute core proceedings pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (E), (K) and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Appropriate notice and opportunity for hearing has been provided to TCLLC Perry, Niklas and Tomasello.

5. The issuance of a temporary restraining order is necessary to preserve the status quo pending hearing on Plaintiff's request for a preliminary injunction.

6. Good cause exists for the issuance of a temporary restraining order enjoining TCLLC and the TCLLC Agents from (i) from using, operating, utilizing, selling, transporting, transferring, altering or destroying the, (ii) requiring TCLLC and the TCLLC Agents to store and secure such property, and (iii) allowing Plaintiff and his representatives access to the Equipment for inspection and to ensure compliance with the injunctive measures imposed by the Court herein, until a hearing on Plaintiff's request for preliminary injunction or further order of the Court.

7. There is a substantial likelihood of Plaintiff's success on the merits of the Complaint. TCLLC's sole basis for possession, custody and control of the Equipment arises

under the Leases. The August Lease expired under its terms and due to the Lease Defaults TCLLC's the Leases have terminated. Upon termination of the Leases TCLLC is obligated to return and surrender the Equipment. As the Equipment constitutes property of the bankruptcy estate, TCLLC is obligated to turnover possession, custody and control of that property to Plaintiff pursuant to 11 U.S. C. § 542(a). These circumstances, in addition to the other facts alleged herein, clearly evidence Plaintiff's likelihood of success on the merits of the complaint.

8. The issuance of a temporary restraining order is necessary to prevent immediate and irreparable injury and harm to the Debtor's bankruptcy estate. This harm to the estate is imminent as TCLLC and the TLLC Agents presently possess, control and maintain custody of the Equipment and TCLLC continues to use and operate the Equipment in its business operations. TCLLC's use of the Equipment creates a substantial, immediate and irreparable threat of a loss to the Debtor's bankruptcy estate. TCLLC's continued use of Equipment diminishes the value of the Equipment, creates a risk of liability for the Debtor's estate and threatens the ability of Plaintiff to maximize the Equipment's value for the benefit of the Debtor's creditors.

9. In the event of an accident involving the Equipment the Debtor's bankruptcy estate will suffer a property loss, i.e., the value of and future use of the Equipment, and potential liability for any injury or harm to third parties and their property.

10. Any damage or destruction of the Equipment would diminish or eliminate any value Plaintiff could recognize in its sale. Further, there is a substantial and real threat that demand for the Equipment is waning. As well documented, the home construction sector is experiencing a slow-down and nearing a recession due to the rise of mortgage rates, a decrease in buying activity and home starts. This slowdown has further caused a pull-back in residential restoration and renovation projects.

11. Further, in having unfettered use, possession and control of the Equipment, TCLLC has the ability to operated, sell, alter, transfer or otherwise dispose of the Equipment to the detriment of the Debtor's bankruptcy estate. Any sale, transfer, alteration or disposition could be made for the purpose of converting property of the bankruptcy estate or circumventing any judgment eventually obtained by Plaintiff, thereby diminishing the value of such property for the benefit of the estate's creditors.

12. The bankruptcy estate would suffer irreparable injury and harm in the event of sale, transfer, alteration or disposition of the Equipment.

13. The threatened harm to the Debtor's bankruptcy estate outweighs and is greater than the harm a temporary restraining order would inflict on TCLLC. The injury and harm faced by the bankruptcy estate in the event injunctive relief is not granted is (i) the diminished value of the Equipment, (ii) reduced market for sale of the Equipment, and (iii) potential liability for injury or damages caused to third parties.

14. On the other hand, TCLLC and the TCLLC's Agents have little risk of injury or damage if enjoined from using, operating, utilizing, selling, transporting, transferring, altering or destroying the Equipment. Since the August Lease expired and the Leases have been terminated, TCLLC has no legal right to possess or use the Equipment. Consequently, TCLLC cannot rely on the use of the Equipment in its business operation, nor does it have a reasonable expectation of any such rights.

15. The issuance of a temporary restraining order would not adversely affect public policy or the public interest, but rather granting this relief would serve to enhance the public interest and public policy. First, it will protect the Debtor's bankruptcy estate from a substantial and irreparable injury to the Equipment or third parties who might seek recovery against the estate

in the event of an accident. Second, it will protect and preserve the bankruptcy estate's rights and interest in the Equipment in accordance with Section 363 of the Bankruptcy Code.  Third, it would preserve the integrity of the Bankruptcy Code and bankruptcy process by preserving the value of estate property and further the expeditious administration of the bankruptcy estate. Fourth, it would enhance enforcement of the automatic stay of Section 362(a) to ensure no party exercises control or possession of estate property.   Finally, it preserves the important public policy that the bankruptcy trustee is the sole representative of the bankruptcy estate and that no third party has the authority, right, standing or power to assert control over property of the estate.

16. The Debtor's bankruptcy estate does not have an adequate remedy at law. While the bankruptcy estate could obtain a judgment against TCLLC any such judgment would likely remain unsatisfied and uncollectible.

17. Based on the foregoing, and balancing the hardships involved, the estate is entitled to the issuance of a temporary restraining order enjoining TCLLC and the TCLLC Agents from (1) from using, operating, utilizing, selling, transporting, transferring, altering or destroying certain the Equipment, and (2) requiring TCLLC and TCLLC Agents to store and secure such property pending the Court's consideration of Plaintiff's request for entry of a preliminary injunction.

18. In light of the foregoing, the issuance of a temporary restraining order is necessary.

IT IS, THEREFORE, ORDERED that

19. TCLLC and the TCLLC Agents shall be and are hereby enjoined from (1) from using, operating, utilizing, selling, transporting, transferring, altering or destroying the Equipment;

IT IS FURTHER ORDERED that

20. TCLLC and the TCLLC Agents shall be and are hereby required TCLLC to store and secure the Equipment except as otherwise provided by the Court or until hearing on Plaintiff's

request for entry of a preliminary injunction.

        IT IS FURTHER ORDERED that

        21.    TCLLC and the TCLLC Agents shall be and are hereby required to allow Plaintiff and his representatives access to the Equipment for inspection and to ensure compliance with the injunctive measures imposed by the Court herein,

        IT IS FURTHER, ORDERED that

        This Temporary Restraining Order shall expire at _____ o'clock ___.m., on the ____ day of August 2022, or such later date as may be ordered by the Court or agreed upon by the parties hereto. Hearing on Plaintiff's Motion for Preliminary Injunction shall be held on the ___ day of _____, 2022, at _____ o'clock ___.m.

        TCLLC and the TCLLC Agents shall serve any papers in opposition to the Motion for Preliminary Injunction and for other relief no later than _____ ___, 2022 at _____, __.m. Service shall be made by delivering the papers by e-mail or overnight courier by such time to Mark A. Weisbart and James S. Brouner, 10501 N. Central Expwy., Suite 106, Dallas, Texas 75231, and/or jbrouner@haywardfirm.com and mweisbart@haywardfirm.com.

        No bond or security is required to be posted by Plaintiff.

 Signed at _____ o'clock ___ .m. on this the ____ day of August 2022.