IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>SERVICE ONE, LLC<br><br>　　　　　　　　　　　　DEBTOR<br><br>MARK A. WEISBART, SUBV CHAPTER 11 TRUSTEE OF SERVICE ONE, LLC<br><br>　　　　　　　　　　　　PLAINTIFF<br><br>V.<br><br>TRASH CHOMPER, LLC<br><br>　　　　　　　　　　　　DEFENDANT | CASE NO. 22-40503<br>CHAPTER 11<br>(Subchapter V)<br><br><br><br><br><br>ADVERSARY NO. 22-04045 |

**REQUEST FOR EMERGENCY HEARING ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Mark A. Weisbart, the Subchapter V Plaintiff of Service One, LLC ("Plaintiff"), files this *Request for Emergency Hearing on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction* (the "Request"), and in support hereof would respectfully show the Court as follows:

1.    Contemporaneously with the filing of this Request, Plaintiff has filed his *Motion for Temporary Restraining Order and Preliminary Injunction* (the "Motion") seeking seeking issuance of an immediate temporary restraining order and preliminary injunction pursuant to 11 U.S.C. § 105 and FED.R.BANKR.P. 7065 enjoining Trash Chomper, LLC (hereinafter, "TCLLC") and its managers, members, officers, agents and representatives, including, without limitation, Sandra Perry ("Perry"), Peter Niklas ("Niklas") and Charles Tomasello ("Tomasello") (collectively, hereinafter referred to as the "TCLLC Agents") (i) from using, operating, utilizing, selling, transporting, transferring, altering or destroying certain personal property hereinafter

referred to as the "Equipment" which constitutes property of the bankruptcy estate, (ii) requiring TCLLC and TCLLC Agents to store and secure such property, and (iii) allowing Plaintiff and his representatives access to the Equipment for inspection and to ensure compliance with the injunctive measures imposed by the Court, until consideration of the merits off the claims raised in this proceeding.

2. As of the commencement of its bankruptcy case, Service One, LLC (the "Debtor") owned the "Equipment," being certain trash bins, *i.e*, dumpsters, and haulers, which the Debtor purchased in August and November 2020. The Debtor, in turn, leased the Dumpsters and Haulers to TCLLC for use in TCLLC's business operations under two lease agreements. One lease, entered in August 2020, expired by its own terms as of July 1, 2022. It, along with the second lease entered in November 2020, have been in payment default since August 2021, and TCLLC is no longer maintaining insurance on the Equipment, which the leases require.

3. Despite Plaintiff's demand for the return of the Equipment the subject of the August 2020 lease, TCLLC has failed and refused to return that Equipment. Further, TCLLC is in default of both leases in failing to pay the monthly rental fees for the lease and use of the Equipment and in not maintaining insurance on the Equipment, which, upon information and belief was cancelled in May 2022. Due to these defaults and TCLLC's failure to cure same, Plaintiff has terminated the leases.

4. The Equipment constitutes property of the Debtor's bankruptcy estate. By failing to turn over the Equipment and utilizing it in its continuing business operations, TCLLC is maintaining possession, custody and control of estate property. This control constitutes an intentional and willful violation of the automatic stay of 11 U.S.C. §§ 362.

5. Plaintiff filed his Complaint, seeking, among other things, a declaratory judgment

that the Equipment constitutes property of the bankruptcy estate and that the leases pertaining to the Equipment have terminated, turnover of the Equipment, recovery for unjust enrichment, breach of contract and conversion, an offset against the proof of claim filed on defendant's behalf. an accounting and equitable relief.

6. Yet, TCLLC continues to use the Equipment in and generates income for its business operations at the expense of and detriment to the Debtor's bankruptcy estate. TLCC's continued use of the Equipment creates significant harm and risk to the Debtor's bankruptcy estate as the estate is unable to maximize the Equipment's value for the benefit of its creditors and such use poses substantial risk of liability in the event of an injury in the use or transportation of the Equipment.

7. Absent immediate injunctive relief, the Debtor's bankruptcy estate will suffer immediate and irreparable harm and injury given TCLLC's continued use of the Equipment in its business operations and its failure to maintain insurance to cover damage to the Equipment and protect against any injuries or damages arising from its use.

8. In support of this Request is the Declaration of Mark A. Weisbart, the Subchapter V chapter Trustee (the "Declaration"). The Declaration fully explains the necessity of an emergency hearing on the Motion. In short, absent immediate consideration of the Motion on an emergency basis the bankruptcy estate will suffer a real, immediate and irreparable harm to the Equipment by TCLLC's continued used in its business operations.

WHEREFORE, the Plaintiff prays that the Court enter an Order setting a hearing as requested above and granting Plaintiff such other and further relief to which he is justly entitled.

Respectfully submitted,

/s/ James S. Brouner
James S. Brouner
Texas Bar No. 03087285
Mark A. Weisbart
Texas Bar No. 21102650
HAYWARD PLLC
10501 N Central Expy, Suite 106
Dallas, TX 75231
(972) 755-7103 Phone/Fax
MWeisbart@HaywardFirm.com
JBrouner@HaywardFirm.com

COUNSEL FOR PLAINTIFF, SUBV
CHAPTER 11 TRUSTEE

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on August 22, 2022, he (i) discussed the relief requested herein with Patrick Schurr, counsel for Charles Tomasello, who indicated that his client does not oppose the request, and (ii) exchanged communications concerning the relief with Jeff Carruth, counsel for Sandra Perry, who did not indicate whether he did or did not oppose such relief.

/s/ James S. Brouner
James S. Brouner

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing instrument was served on the below listed parties as well as on the parties listed on the attached mailing matrix either through the Court's electronic notification system as permitted by Appendix 5005 to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid this 23rd day of August 2022.

    /s/ James S. Brouner
    James S. Brouner

Trash Chomper, LLC
c/o Charles Tomasello
5830 Granite Pkwy., Ste. 100
Plano Texas 75024

Trash Chomper, LLC
c/o Sandra Perry
12 Cowboys Way #1512
Frisco, TX 75034.

Peter Nicklas
1550 South Ballard,
Wylie, TX 75097

Jeff Carruth
WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
3030 Matlock Rd., Suite 201
Arlington, Texas 76105
jcarruth@wkpz.com

Patrick J. Schurr
SCHEEF & STONE, L.L.P.
2600 Network Boulevard
Suite 400
Frisco, Texas 75034
Patrick.schurr@solidcounsel.com

    /s/ James S. Brouner
    James S. Brouner